Texas Central Railway Company v. John T. Yarbro.

Decided April 18, 1903.

**1.—Railroads—Contributory Negligence—Violation of Rules—Coupling Cars.**

Where a rule of the railroad company requiring brakemen, when coupling cars, to use a stick or safety coupler instead of their hands, had been uniformly disregarded, a brakeman was not necessarily guilty of contributory negligence in using his hands to make a coupling, and a verdict of the jury importing that he was not negligent in so doing is sustained.

**2.—Same—Negligence. Per Se.**

In this State a violation of that class of rules by an employe is not held to be negligence per se.

**3.—New Trial—Surprise.**

Defendant was not entitled to a continuance on the ground of surprise caused by a witness having changed his testimony from that given on a former trial where it made no effort at the trial to obtain a continuance in order to obtain the evidence of a witness who, as it then knew, would contradict the testimony so given.

**4.—Contributory Negligence—Charge.**

A charge was not erroneous which instructed that contributory negligence is where some negligent act or omission on the part of the plaintiff, co-operating with some negligent act or omission on the part of the defendant, contributes to and is the efficient cause of the injury, and that for it to prevent a recovery plaintiff must have acted as a reasonably prudent person would not have done under the circumstances, and that this must have co-operated with the negligence of defendant in producing the injury.

**5.—Railroads—Reasonableness of Rules—Jury Question.**

Where plaintiff's violation of defendant company's rules as to the manner of making couplings was important only as a fact to be considered by the jury in determining whether he was guilty of contributory negligence, it was not reversible error that the charge left the reasonableness of such rules to the jury.

Appeal from the District Court of Bosque. Tried below before Hon. Wm. Poindexter.

*Clark & Bolinger* and *Lockett & Cureton,* for appellant.

*W. M. Knight* and *Randell, Word & Hassell,* for appellee.

STEPHENS, Associate Justice.—Appellee lost his right hand while serving appellant in the capacity of freight brakeman, on account of which he recovered a verdict and judgment for $4500, from which this appeal is prosecuted.

The two grounds of recovery alleged and submitted to the jury, as stated in the charge of the court, were: "1. That when the plaintiff

was attempting to couple the locomotive tender to one of the cars, the agents and servants of the defendant engaged in operating said locomotive engine, propelled and backed said locomotive engine with great speed and force and struck the car to which the same was to be coupled with great and unusual force, and by reason of which plaintiff's right hand was caught between the two drawheads and coupling apparatus of said locomotive tender and said car, and plaintiff was thereby injured and damaged as alleged. 2. That the drawhead of the tender and the drawhead of the car to which said tender was to be coupled were improperly constructed; said drawheads being of different patterns and makes and of uneven and improper height, one being dangerously high and the other dangerously low. That by reason of the condition of said drawheads, it was necessary for plaintiff to use his hand in making said coupling, and that while plaintiff was attempting to make said coupling his right hand was caught between said drawheads and was thereby injured as alleged."

The sufficiency of the evidence to sustain the verdict as to the facts of negligence so alleged is not questioned by appellant. We must therefore find, as the jury evidently did, that in one respect or the other, or in both, appellant was negligent as charged.

Appellant insists, however, that it was entitled to a verdict on the issue of contributory negligence, as will be seen from the eighteenth and nineteenth assignments of error, reading: (18) "The court erred in overruling defendant's motion for a new trial because the verdict of the jury and judgment of the court are contrary to the law and evidence in this: The overwhelming evidence showed that the plaintiff, at and prior to the time he undertook to make the coupling in question, knew, or had a reasonable opportunity to become acquainted with, the rules and regulations of the defendant company which it had adopted and was using reasonable diligence to enforce, and that the plaintiff in making said coupling violated said rules, in that he attempted to make the same without the use of a safety coupler, or stick, and with the link in the common drawhead and in the lowest drawhead, and the evidence conclusively shows that his failure to obey said rules in making said coupling was the direct and proximate cause of all the injury he has sustained, and his contributory negligence in disobeying said rules should preclude a recovery herein by him. (19) The court erred in overruling defendant's motion for new trial because the verdict of the jury and judgment of the court are contrary to the law and the evidence in this: The preponderance of testimony showed that the plaintiff, at the time he attempted to make said coupling, permitted his attention to be attracted by one Boss Jones, and negligently allowed his hand to remain between said drawhead until it was mashed, as shown by repeated statements to this effect by the plaintiff himself, as shown by the testimony of various witnesses who testified in said case, and on account of such negligence of the plaintiff, verdict and judgment should have been for the defendant."

The rules required the brakeman to use a safety coupler or stick instead of their hands, but the observance of this rule seems to have been so rare that appellee testified he would have been laughed at if he had used a stick instead of his hands. The evidence therefore warranted a finding that this rule was a dead letter, though there was evidence tending to show that the superintendent desired to have it enforced, and that some of the men tried to conceal its almost universal nonobservance from him.

The other rules invoked were as follows: "In coupling a car with an automatic coupler to a cár with a common drawbar, or to a tender, always place the link in the automatic coupler. In coupling freight cars where one car is higher than the other, always put the link in the highest draft iron."

Neither of these rules was observed by appellee in attempting to make the coupling in question, as will be seen from the following excerpts from his testimony: "The drawhead or drawbar on the tender was an old styled drawbar, or what is called a jack coupler; the drawhead on the box car I was undertaking to couple the engine to was an automatic coupler, or what is known as a 'Janney coupler.' * * * The Janney coupler on the box car was higher than the coupler on the tender. I discovered this just as I went to enter the link into the Janney coupler; at that time the couplers were almost together. The link was in the drawhead of the tender, and I attempted to make the coupling by entering it in the Janney coupler on the box car."

Appellee admitted knowing that the company had printed rules which it furnished its employes, but denied that any had ever been furnished him, or that he had knowledge from any other source of the rules quoted above. He further testified: "I have never had any instructions in reference to the proper manner of coupling cars, except from my conductors, and they always told me to make the couplings with the link in the moving car," which in this instance was the locomotive tender.

The evidence, however, would clearly have warranted a finding that he had "a reasonable opportunity to become acquainted with" these rules, if, indeed, he did not know them; but taken all together it was not such, we think, as to require a finding that appellee was guilty of contributory negligence in attempting to make the coupling as he did, and that this was a proximate cause of his injury, especially in view of the finding imported by the verdict and not complained of, to the effect that the proximate cause of the injury was the negligence of appellant as stated above. As to the agency of the bystander Jones in bringing about the accident, it is sufficient to say that the evidence was conflicting, and therefore the verdict is conclusive on that issue.

Appellant further sought a new trial upon the ground of surprise at the testimony of witness Smith, claiming that the witness had changed his testimony from that given on a former trial, and that by reason of the sickness of one Joe Buerkle it had not been able to show, pending

the trial, that the testimony of Smith was false. While others might perhaps be given, it is a suffiicent answer to the assignment raising this question, that no effort was made to continue the case to obtain the testimony of Buerkle, although the facts of his knowledge, residence and inability to be then in attendance as a witness were fully known to appellant before the case went to the jury, and even while Smith was testifying. Appellant thus took chances at its peril on the verdict. These conclusions dispose of all the assignments of error except those complaining of the charge of the court, and of the refusal of special charges.

The eleventh paragraph of the charge is complained of upon the ground that it required the jury to find that appellee, in attempting to make the coupling in the manner in which he did, under all the circumstances then surroundiig him, not only acted as a reasonably prudent man would not have done under similar circumstances, but also that he was guilty of contributory negligence as previously explained in the charge. The explanation or definition thus referred to was as follows: "Contributory negligence, as that term is used in this charge, is where some negligent act or omission on the part of the defendant, contributes to, and is the efficient cause of, the injury." The true meaning of paragraph 11, then, was that, to prevent a recovery, appellee must have acted as a reasonably prudent person would not have done under similar circumstances, and that this must have co-operated with the negligence of appellant in producing the injury, which we understand to be the law of contributory negligence. That this was the view entertained and intended to be conveyed to the jury by the learned judge who tried the case seems quite clear from the sixth special charge given at the request of appellant, to say nothing of other special charges so given. Other prargraphs of the charge are complained of for leaving it to the jury to determine whether the rules adopted by appellant for the government of its employes in coupling cars were reasonable, the insistence being that this is a question of law which should have been determined by the judge himself.

It is held in this State that a violation of this class of rules by an employe of a railway company is not negligence per se. Gulf C. & S. F. Ry. Co. v. Cornell, 29 Texas Civ. App., 596, 69 S. W. Rep., 980, and cases there cited. It has also been held that the reasonableness of rules adopted by railway companies in respect to damage claims may be left to the jury. Railway Co. v. Childers, 1 Texas Civ. App., 302, and cases there reviewed.

The rules in question were important only as facts to be considered by the jury in determining whether appellee was guilty of contributory negligence, and if it may be left to the jury as a question of fact, notwithstanding a violation of the rules, whether or not contributory negligence is shown, we fail to see any good reason for holding it to be material error for the court to leave the reasonableness of such rules to the jury, for whether reasonable or not, they must yet determine whether a

violation of them would amount to negligence. Besides, in this instance, the court did not submit the issues on the theory of the rules being unreasonable, and hence did not submit to the jury as doubtful the question of the reasonableness of the rules, but merely instructed them, if they should find that the rules had been adopted and had not been abandoned, and that they were reasonable, and that appellee was guilty of negligence in not observing them, to find against him, provided they should find that to have been the proximate cause of his injury. The reasonableness as well as the existence of the rules might, perhaps, have been assumed in the charge as an established fact, but it does not follow that a judgment must be reversed every time the trial judge fails to assume as proven that upon which the evidence leaves no room for doubt.

The charge taken as a whole, we think, correctly submitted the issues to the jury, and the special instructions not given were all properly refused, mainly because the ground was sufficiently covered by the general and special charges given; and in some instances because the refused instructions were themselves erroneous for being upon the weight of the evidence, assuming as they did that it was negligence per se for an employe to disobey the rules.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.